IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IKARA CHRISTIANA EARNESTINE
EUGENE VAGANTE De ROSSITTE,
formerly known as
Christopher Eugene De Rossitte                                                    PLAINTIFF

v.                                      Civil No. 6:25-cv-06113-SOH-MEF

PAM BONDI,
United States Attorney General;
DAVID KNIGHT,
Department of Justice Attorney;
LINDSAY WALLACE,
Secretary of Department of Corrections;
DEXTER PAYNE,
Director of Division of Corrections;
WARDEN SHIPMAN;
JOHN DOES                                                                        DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred

this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]

Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

Also before the Court are Plaintiff's three Motions for Injunctive Relief.  (ECF Nos. 6, 7, 11).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

## I.    BACKGROUND

Plaintiff is an inmate in the Arkansas Division of Correction.  Plaintiff filed her Complaint on October 24, 2025.  (ECF No. 1).  Plaintiff's Complaint is largely devoid of factual allegations, but she references a Settlement Agreement between the Department of Justice and the Arkansas Division of Correction reached on September 5, 2025.  *Settlement Agreement Between the United States and the Arkansas Division of Correction*, DJ No. 204-10-41 (Sept. 5, 2025).[2]  Plaintiff alleges that all of the named Defendants are "complicit in the drafting, approval and/or enforcing of the final clause of §I(3)."  (ECF No. 1 at 5).  Plaintiff alleges that this "consp[ires] to deny an entire class of persons, of which this Plaintiff is one, equal protection under the law; and in doing so denying due process, subjecting Plaintiff to cruel and unusual punishment and violating the Americans with Disabilities Act."  (*Id*. at 6).  Plaintiff does not identify the specific language in question, does not state how this affects her, or what class of person is being denied equal protection.  She characterizes her claim as one for violation of equal protection, cruel and unusual punishment, due process and the ADA.  (*Id*. at 5).

She proceeds against all Defendants in their individual and official capacities.  (ECF No. 1 at 6).  To support her official capacity claim, Plaintiff alleges that the Settlement Agreement is a "prima facie violation of constitutional rights as official policy and procedure."  (*Id*.).  She seeks declaratory and injunctive relief to the "class effected."  (*Id*. at 7).

## II.    LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

---

[2] Available at www.doj.gov (last accessed Dec. 16, 2025).

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

Plaintiff fails to allege sufficient facts to support any plausible claim.  Based on Plaintiff's male and female names in the caption of this case, the Court suspects that Plaintiff objects to the following phrase in Background Paragraph 3 of the Settlement Agreement: "'Disability' as used in this Agreement has the meaning assigned in 28 C.F.R. § 35.108, with the understanding that 'disability' under the ADA and 28 C.F.R. § 35.108(g) excludes gender dysphoria diagnosis or

treatment." (DJ No. 204-10-41 at 1 ¶ 3). Gender identity disorders which are not the result of physical impairments are explicitly excluded from the definition of disability under the American with Disabilities Act. *See*, 42 U.S.C.A. § 12211(b)(1) (West, current through P.L. 119-47); 28 C.F.R. 35.108 (g)(1) (West, current through Dec. 15, 2025); see also *Duncan v. Jack Henry & Associates, Inc.*, 617 F.Supp.3d 1011, 1057 (W.D. Mo. 2022) ("Because [42 U.S.C.] § 12211(b)(1) excludes from the ADA gender identity disorders as a category – a category that encompasses Plaintiff's diagnosis of gender dysphoria – and because Plaintiff neither alleges facts nor argues in this case her gender dysphoria is the result of a "physical impairment," the Court must conclude in this case that Plaintiff fails to state a discrimination claim under the ADA."). Thus, Plaintiff fails to allege any facts supporting her claim that this Settlement Agreement violates the ADA.

Likewise, Plaintiff fails to allege any facts sufficient to state an equal protection claim. Nothing in her sparse factual statement identifies how the Settlement Agreement "burdens a fundamental right or targets a suspect class." *U.S. v. Skrmetti*, 605 U.S. 495, 510 (2025) (holding that a Tennessee law banning certain medical care for transgender minors was not subject to heightened scrutiny because the law did not "classify on any bases that warrant heightened review." (*Id.*).

## IV.    CONCLUSION

For the reasons and upon the authorities discussed above, it is RECOMMENDED that Plaintiff Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE. It is further RECOMMENDED that her three Motion for Injunctive Relief (ECF Nos. 6, 7, and 11) be DENIED AS MOOT.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 18th day of December 2025.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE